## Ann Hathaway *versus* Thomas Spooner.

On the question, whether one H., under whom the plaintiff claimed, had a title to certain land, the administrator on H.'s estate testified, that his (the administrator's) house was destroyed by fire, and that H.'s papers were all burnt in the house; that he did not recollect ever seeing a deed of the land from A. to H., but that there was a bundle of deeds belonging to H. which he (the administrator) had never examined. Another witness testified that she heard a conversation between A. and H. relating to the purchase of land, and that she thought there must have been a deed, though she never saw one, and that she saw H. pay money to A. and heard something about a warranty deed. It was also shown, that a deed taken by the defendant recognized the lot "sold by A. to H." *Held*, that this was sufficient proof of the loss of the deed, to render a copy admissible in evidence.

Where the proof of a deed is by a copy, it is not necessary to produce a subscribing witness to prove the execution.

Where a registry copy of a deed is duly admitted in evidence, the registry itself is evidence that the deed was executed.

Where a person, while living upon land to which he afterward acquires a title, takes a deed of part of a tract described as bounding on such land, this is evidence against him, in the nature of a confession, that such land does not cover any part of the tract so described.

On a question of title. locations made by the proprietors of common land to the grantor of one party, may be given in evidence by the other party, for the purpose of showing that the locations did not cover the land granted, and that the grantor conveyed land to which he had no title.

Trespass *quare clausum fregit*. Trial upon the general issue, before *Wilde* J.

The plaintiff, to support her title, offered in evidence a location of land from the proprietors of Dartmouth to George Allen, dated March 6th, 1796, including the *locus in quo*, and also a registry copy of a deed from Allen to Eleazer Hathaway, bearing date November 30th, 1798, and purporting to convey the land included in the location. This copy was objected to by the defendant's counsel. The plaintiff then proved by one Wing, who administered upon the estate of Eleazer Hathaway, that some time after the decease of Eleazer, Wing's house was destroyed by fire, and that he had in his possession, at the time, all Eleazer's papers, which were all burnt in the house. He also testified, that he did not recollect that he had ever seen a deed from George Allen to Eleazer Hathaway, but that there was a bundle of deeds belonging to Eleazer, which he (Wing) had never examined. Alice Davenport testified, that she heard a conversation between her father (Eleazer Hath-

24

away) and George Allen, relating to the purchase of land, and that she thought there must have been a deed, though she never saw one ; and that she saw her father pay Allen money, and heard something said about a warranty deed.   It was also shown, that a deed taken by the defendant before the commencement of this action, recognised the lot "sold by George Allen to E. Hathaway," including the *locus in quo*.   The judge thought this was sufficient evidence of the loss of the original deed, and admitted the copy.

The defendant, to support his title, read a deed from Samuel Spooner to Samuel Spooner junior, dated June 5th, 1731, purporting to convey a large tract of land, including the *locus in quo*, and traced his title from Samuel Spooner junior, by deed to Elnathan Spooner, the defendant's father, and by devise from Elnathan to the defendant.

The plaintiff then offered in evidence three locations of land made by the proprietors of Dartmouth to Samuel Spooner the elder, in 1711, 1714, and 1719, which did not extend so as to include the *locus in quo*, for the purpose of showing that Samuel the elder, by mistake or otherwise, conveyed to his son Samuel more land than he had a title to.   The defendant's counsel objected to the admission of this evidence, but the objection was overruled.

The plaintiff also offered a registry copy of a deed from Stephen Hathaway to the defendant, dated February 15th, 1797, purporting to convey a tract of land to the eastward of the three locations above mentioned, and within the bounds of the tract of land conveyed by Samuel Spooner to Samuel Spooner junior, but not including the *locus in quo*, and proved that notice had been given to the defendant to produce the original deed from Stephen Hathaway.   It was also proved, that the defendant had always lived with his father, until his father's death, which was in 1816.   To this evidence also the defendant's counsel objected, but it was admitted.

On this and other evidence not objected to, the case was submitted to the jury, and a verdict was returned for the plaintiff. The defendant excepted to the admission of the evidence and documents by him objected to.

*W. Baylies* and *Bassett*, for the defendant. The copy of the deed from George Allen to Eleazer Hathaway was improperly admitted in evidence, for the plaintiff did not prove that it was not in her power to produce the original. 1 Stark. Ev. 328 ; 3 Dane's Abr. 353 ; Peake on Ev. 96 ; *Jackson* v. *Root*, 18 Johns. R. 73. The original may have been left on the files in the registry of deeds.

If the copy was properly admitted in evidence, it was incumbent on the plaintiff to prove, by the subscribing witnesses, the execution of the original. [*Wilde* J. This objection was not made at the trial.]

As to the locations in 1711, 1714, and 1719, it only appeared that they did not cover the *locus in quo ;* but it does not follow that these were all the locations that were made to Samuel Spooner.

The deed from Stephen Hathaway should not have been admitted, to impair the defendant's title, for that deed was in 1797, and the defendant had no interest in the *locus in quo* until the death of his father, in 1816.

*Williams* and *Warren, contrà,* to the point, that the loss of the deed from Allen was sufficiently proved to let in the copy, cited *Taunton Bank* v. *Richardson,* 5 Pick. 442 ; *Read* v. *Brookman,* 3 T. R. 157 ; *Jackson* v. *Neely,* 10 Johns. R. 374.

As to the recognition of the conveyance by Allen to Hathaway, in the deed taken by the defendant, they cited *Clarke* v. *Faunce,* 4 Pick. 245.

The locations to Samuel Spooner were offered in evidence for the purpose of showing that he never owned the *locus in quo,* and consequently had no right to convey the same to his son ; and if so, the deed to his son did not operate as a disseisin of the proprietors. *Brimmer* v. *Long Wharf,* 5 Pick. 131. The question whether there was any other location to Samuel Spooner, was submitted to the jury, and determined against the defendant.

The deed from Stephen Hathaway to the defendant, was properly received in evidence, upon the principle, that the declarations, and much more the acts of the parties, are admissible, though not conclusive evidence, as to the extent of their

lines. *Jackson* v. *Bard,* 4 Johns. R. 230 ; *Jackson* v. *M'Call,* 10 Johns. R. 377.

PARKER C. J. delivered the opinion of the Court. We think there. was quite sufficient evidence to the Court, of the loss of the deed, to let in the copy as evidence to the jury. It does not appear that evidence was called for at the trial, of the execution of the deed supposed to be lost ; if it had been, wฅ . do not think such proof would have been necessary. The deed itself being lost, there was nothing by which the handwriting of the witnesses could be recognized ; and when the registered copy is duly admitted in evidence, the very registry proves the execution, for the deed cannot be effectually registered without an acknowledgment before a magistrate. [See *Eaton* v. *Campbell,* 7 Pick. 10.][1]

It was objected also, that the deed introduced by the plaintiff, from Stephen Hathaway, ought not to have been admitted for the purpose for which it was used, namely, to show an admission or acknowledgment that the land which the defendant claims under his father does not extend so far as to cover any part of the premises within the location of George Allen, under whom the plaintiff claims ; and the reason offered is, that at the time of the execution of that deed, the father of the defendant was living, claiming and occupying under his location, and that the defendant then had no present right or interest therein. The confession of the father while in possession, as to the extent of his claim, would have been good evidence ; but it is said the defendant was then a mere stranger, and noth ing that he then said or did, ought to affect his title subsequently acquired. Certainly the declaration or confession of a stran_ger would not have been admissible evidence ; or a mere tenant who had not the title in himself, although in possession ; but the evidence objected to was in the nature of a confession by the defendant in the action, and, as such, was competent evidence ; — to have more or less weight with the jury, according to their opinion of the circumstances in which he was placed at the time. If one, having no interest in land about which there is a controversy, has knowledge of the actual boundaries, and

---

[1] See *Ward* v. *Fuller,* 15 Pick. 187 ; *Scanlan* v *Wright,* 13 Pick 523

declares his knowledge, and afterwards purchases one o. the disputed tracts, we think his declarations on the subject, made before he purchased, may be proved in a trial between him and the owner of the adjoining tract, about which the controversy arose.

We are also satisfied, that evidence of the locations to Samuel Spooner in 1711, 1714 and 1719, which did not cover the premises demanded, was proper to show that his right had been satisfied by those locations, without extending to the land within the location of George Allen, under whom the plaintiff claims.

Therefore, there must be judgment upon the verdict.